UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DANIEL GALICIA, )<br>)<br>Defendant. ) | 21 C 21<br><br>Judge Gary Feinerman |

**MEMORANDUM OPINION AND ORDER**

After nearly a decade as a fugitive, Daniel Galicia was arrested and pleaded guilty to drug-related charges in *United States v. Galicia*, 01 CR 757-3 (N.D. Ill.) (Guzmán, J.). *Id.*, Dkts. 426, 505-507. Shortly before what was to be his sentencing hearing, Galicia retained Beau Brindley as his new counsel, moved to withdraw his guilty plea, and admitted under oath at the withdrawal hearing that he had lied under oath during his plea colloquy. *Id.*, Dkts. 525, 554, 560. Galicia then was charged in a separate case with perjury, *United States v. Galicia*, 15 CR 308 (N.D. Ill.) (Feinerman, J.), and, following a jury trial at which Brindley represented him, he was convicted on two counts. *Id.*, Dkt. 162. The court denied his motion for acquittal, *id.*, Dkts. 148-149 (reported at 2019 WL 1254930 (N.D. Ill. Mar. 19, 2019)), and he challenged only the supervised release portion of his sentence on appeal, *United States v. Galicia*, No. 19-3503 (7th Cir.), ECF Nos. 10, 16-17.

In this action under 28 U.S.C. § 2255, Galicia moves to vacate his perjury convictions, arguing that Brindley provided him with ineffective assistance of counsel, in violation of the Sixth Amendment. Doc. 1. The motion is denied, and a certificate of appealability will not issue.

1

**Background**

When addressing a § 2255 motion, the court must "review evidence and draw all reasonable inferences from it in a light most favorable to the government." *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). The pertinent facts are as follows.

In 2002, Galicia and several co-defendants were charged by indictment with taking part in a cocaine and marijuana trafficking conspiracy. 01-Dkt. 57. (Record citations to the docket in this § 2255 case, 21 C 21, are Doc. __. Record citations to the docket in Galicia's drug case, 01 CR 757-3, are 01-Dkt. __, while record citations to the docket in his perjury case, 15 CR 308, are 15-Dkt. __.) Galicia was arrested in March 2011, 01-Dkt. 426 at 3, and he pleaded guilty fifteen months later to two counts charged in a superseding information, 01-Dkts. 503, 505, 507, 571.

Some three months later, Galicia retained Brindley as his new counsel. 01-Dkts. 509, 512; Doc. 1-1 at 1. On Brindley's advice, Galicia moved to withdraw his guilty plea. 01-Dkt. 525. Judge Guzmán held an evidentiary hearing, at which he advised Galicia that Brindley was under criminal investigation by federal authorities. 01-Dkt. 560 at 2:18-4:8. Galicia waived on the record any conflict of interest arising from that investigation. 01-Dkt. 560 at 4:9-5:7. Galicia then testified under oath to having falsely admitted under oath during his plea colloquy that he had supplied kilogram quantities of cocaine and marijuana to two co-conspirators for distribution to others. *Id*. at 16:25-20:15.

Concerned about both Brindley's conflict of interest and the potential for Galicia's own self-incrimination for admitting to having lied during his plea colloquy, the court continued the hearing and appointed independent counsel to consult with Galicia. *Id*. at 22:21-24:14; 01-Dkts. 554-555. Galicia elected to proceed with Brindley as his counsel and with his efforts to

2

withdraw his guilty plea. 01-Dkts. 559, 727 at 3:4-3:9. After concluding the evidentiary hearing, Judge Guzmán allowed Galicia to withdraw his guilty plea. 01-Dkt. 565.

In August 2014, while the drug case progressed, Brindley was indicted for suborning perjury and other crimes in *United States v. Brindley*, 14 CR 468 (N.D. Ill.) (Leinenweber, J.). Judge Guzmán admonished Galicia about Brindley's conflict of interest arising from those charges, and again appointed independent counsel to consult with him. 01-Dkts. 577, 584, 602, 607. Galicia again elected to proceed with Brindley as his counsel. 01-Dkts. 608, 729 at 5:19-6:17.

At that juncture, Galicia was charged by indictment with perjury for lying during the drug case. 15-Dkt. 1; *see also* 15-Dkt. 94 (superseding indictment). Brindley appeared for Galicia in the perjury case, and Galicia again expressly waived any conflict of interest arising from Brindley's then-pending federal charges. 15-Dkt. 14; Doc. 11-2 at 3-11.

Shortly after Galicia was charged in the perjury case, the Government moved in the drug case to disqualify Brindley, citing Brindley's conflict of interest and the potential malpractice claims Galicia might have against him. 01-Dkt. 610. Judge Guzmán denied the motion, citing Brindley's intervening acquittal and Galicia's insistence that Brindley continue to represent him. 01-Dkt. 621 (reported at 2015 WL 5611572 (N.D. Ill. Sept. 23, 2015)).

The Government then offered Galicia a plea deal, covering both the drug case and the perjury case, that would have required him (1) to plead guilty in the drug case to distributing both cocaine and marijuana and (2) to admit to perjury as a stipulated offense. Doc. 11-3 at 3:12-3:21; Doc. 11-4 at 10:7-10:21. On Brindley's advice, Galicia rejected that deal. Doc. 1-1 at 2.

3

Galicia eventually pleaded guilty to two charges in the drug case: conspiring to knowingly and intentionally possess with intent to distribute a controlled substance, and knowingly and intentionally using a communication facility in causing and facilitating the commission of a drug-related felony. 01-Dkt. 637. The plea agreement preserved Galicia's ability to argue at sentencing that his conduct involved only marijuana, not cocaine. 01-Dkt. 638 at ¶ 9(b)(i). Judge Guzmán sentenced him to nine years in prison—the statutory maximum—and three years of supervised release. 01-Dkt. 682. Galicia did not appeal either his convictions or sentence in the drug case. *See* 01-Dkt. 638 at ¶ 17(d) (waiving his appeal rights).

The perjury case proceeded to trial, and the jury convicted Galicia of two counts. 15-Dkt. 125. The court sentenced him to 42 months' imprisonment, to run consecutively to his prison term in the drug case. 15-Dkt. 162. As noted, Galicia did not appeal his perjury convictions, only the supervised release portion of his sentence.

## Discussion

Section 2255(a) provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Such relief is "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

4

An evidentiary hearing on a § 2255 motion is required only when "a petitioner alleges facts that, if true, would entitle him to relief." *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016) (internal quotation marks omitted). The court may deny an evidentiary hearing if the petitioner's allegations are "too vague and conclusory," *ibid.*, or if "the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b). Because the record conclusively shows that Galicia is not entitled to § 2255 relief, the court did not conduct an evidentiary hearing.

I.     **Plea Negotiations**

Galicia first claims that Brindley provided ineffective assistance of counsel by advising him to reject the Government's combined plea offer that would have required him to plead guilty to marijuana and cocaine charges in the drug case and to admit to perjury as a stipulated offense. Doc. 1 at 4; Doc. 16 at 3-5. "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Missouri v. Frye*, 566 U.S. 134, 140 (2012). Accordingly, to prevail, Galicia must show that: (1) his trial attorney's performance was deficient; and (2) he was prejudiced as a result. *See Strickland*, 466 U.S. at 687; *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015). As applied here, *Strickland* requires Galicia to demonstrate "that his attorney's advice was objectively unreasonable and that, with competent advice, he would have accepted the plea deal." *Sawyer v. United States*, 874 F.3d 276, 279 (7th Cir. 2017).

The Government asserts as a threshold matter that Galicia has failed to show "beyond mere conclusory allegations … that the government in fact offered a plea deal." Doc. 10 at 28 (quoting *Martin v. United States*, 789 F.3d 703, 707 (7th Cir. 2015)). That assertion is incorrect. The record affirmatively indicates that the Government offered Galicia a plea deal. At a hearing in the perjury case, the Assistant United States Attorney stated:

5

> The parties, as part of their plea negotiations in the [drug] case … , essentially carved out the perjury conduct in that case to let your Honor decide it and let your Honor handle it. … We offered, the government offered to allow him to plead to everything in th[e drug] case … . He could have stipulated to the perjury as a stipulated offense. He chose not to.

Doc. 11-3 at 3:17-3:20. That statement sufficiently corroborates Galicia's allegation of having received the plea offer described in his § 2255 motion.

As for the performance prong of the *Strickland* test, an attorney's advice is objectively reasonable so long as there were "valid strategic reasons behind the advice provided." *Sawyer*, 874 F.3d at 280; *see also Miller v. United States of America*, 940 F.3d 371, 377 (7th Cir. 2019) ("[S]trategic choices of counsel based on legal and factual research are virtually unchallengeable on an ineffective-assistance claim.") (internal quotation marks omitted); *Spiller v. United States*, 855 F.3d 751, 756 (7th Cir. 2017) ("[A] strategic decision, even if clearly wrong in retrospect, cannot support a claim that counsel's conduct was deficient.") (internal quotation marks omitted). Galicia asserts that Brindley advised him to reject the Government's combined plea offer, which would have required him to admit to perjury as a stipulated offense, "because the government would not be able to sustain its burden of proof at trial and, thus, there was no way [he] could be convicted." Doc. 1-1 at 2. But the record affirmatively reveals a different reason for Brindley's advice to proceed to trial in the perjury case.

As noted, the Government conditioned its combined plea offer on Galicia's admitting that his drug offenses involved both marijuana and cocaine. Doc. 11-3 at 3:12-3:20; Doc. 11-4 at 10:7-10:21. Rejecting that deal—and going to trial in the perjury case—allowed Galicia to "plead guilty to marijuana and *not* cocaine" in the drug case. *Id*. at 10:18-10:21 (emphasis added). That, in turn, enabled Galicia to argue at sentencing in the drug case that he was not involved with cocaine distribution, and had Judge Guzmán found that argument persuasive,

6

Galicia's Sentencing Guidelines range would have been much lower. *Id*. at 10:22-11:1; *see* 01-Dkt. 638 at ¶ 9(b)(i), (d).

Thus, based on what he "knew when the plea offer was rejected," Brindley made a reasonable strategic recommendation to Galicia to decline the combined plea deal and proceed to trial on the perjury charge. *Torres-Chavez*, 828 F.3d at 586. That Brindley's strategy ultimately was unsuccessful—Judge Guzmán found at the sentencing hearing in the drug case that Galicia was responsible for both cocaine and marijuana, 01-Dkt. 699 at 15:17-16:24—does not mean that the strategy was not reasonable when Brindley implemented it. *See Corral v. Foster*, 4 F.4th 576, 585 (7th Cir. 2021) ("[S]o long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally cannot support a claim of ineffective assistance of counsel … even when, in hindsight, another decision may have led to a better result.") (internal quotation marks omitted); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight … and to evaluate the conduct from counsel's perspective at the time.").

Because the record shows that Brindley's performance was not deficient with respect to plea negotiations, there is no need to address the prejudice prong of *Strickland* on this claim.

## II. Conflict of Interest

"The Sixth Amendment right to effective assistance of counsel encompasses 'a correlative right to representation that is free from conflict of interest.'" *Spreitzer v. Peters*, 114 F.3d 1435, 1450 (7th Cir. 1997) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). Galicia claims that two conflicts of interest rendered Brindley ineffective, Doc. 1 at 5, but neither succeeds.

First, Galicia asserts that Brindley's continued representation of him in the drug case, even after Brindley's advice in connection with withdrawing his guilty exposed him to perjury

7

charges, was a conflict. Doc. 16 at 7. But the present § 2255 motion, by its own terms, attacks only the perjury convictions in 15 CR 308, not the drug convictions in 01 CR 757-3. Doc. 1 at 1. Moreover, any attack in the present § 2255 motion on Galicia's drug convictions would have been untimely, as those convictions became final on July 6, 2017, when his time to appeal expired, *see* 01-Dkt. 682 (judgment entered June 22, 2017); *Davis v. United States*, 817 F.3d 319, 325 (7th Cir. 2016) (holding that a judgment becomes final when the fourteen-day deadline to appeal expires), and the § 2255 motion was not filed until over three years later, on January 4, 2021, well after the § 2255 statute of limitations expired, *see* 28 U.S.C. § 2255(f)(1). Accordingly, any conflict of interest arising from Brindley's representation of Galicia in the drug case offers no basis for § 2255 relief.

Second, Galicia asserts that Brindley's being charged in his own federal criminal case gave him "a motivation to curry favor with the government." Doc. 16 at 8. True enough, Brindley suffered from a conflict while under federal investigation and indictment. *See Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) ("If a criminal defendant's attorney is under investigation by the prosecutors of her client, there is a conflict."). But a defendant with a conflicted attorney can waive the conflict. *See United States v. Lewisbey*, 843 F.3d 653, 657 (7th Cir. 2016) (holding that an affirmative waiver foreclosed a Sixth Amendment claim based on a conflict of interest); *United States v. Lowry*, 971 F.2d 55, 60 (7th Cir. 1992) ("[A] defendant can waive the right to conflict-free counsel and, once having made a knowing and intelligent waiver, … may not later attack his conviction premised upon an assertion of conflict.") (internal quotation marks omitted). The record unequivocally demonstrates that Galicia knowingly and voluntarily did so here.

8

As noted, and by way of background for purposes of assessing Galicia's conflict claim in the perjury case, Judge Guzmán specifically and repeatedly advised Galicia during the drug case of the conflict of interest arising from the investigation and indictment of Brindley. *E.g.*, 01-Dkt. 560 at 5:1-5:2 (asking Galicia whether he was "agreeing to allow Mr. Brindley to represent [him] with the full knowledge that he faces a possible conflict of interest"); 01-Dkt. 555 at 1-2 ("[T]he Court admonished Mr. Galicia of the possible danger of a potential conflict of interest stemming from the fact that his new attorney, Mr. Beau Brindley, is currently being prosecuted for criminal contempt charges by the United States Attorney's office."); *id*. at 4 (appointing independent counsel to "re-admonish Mr. Galicia of his current attorney's possible conflict of interest and advise him in that regard"); 01-Dkt. 727 at 2:19-3:3 (appointed counsel's representation that he admonished Galicia and was "satisfied that he understands the issues"); 01-Dkt. 584 at 3:12 (admonishing Galicia that Brindley "may curry favor with the prosecution or the government"); 01-Dkt. 602 (re-appointing independent counsel "to advise [Galicia] regarding conflict with his attorney"); 01-Dkt. 729 at 2:9-8:12 (further colloquy with appointed counsel and Galicia about the conflict); 01-Dkt. 608 ("Defendant admonished as to potential conflicts of interest."). In response, Galicia "steadfastly, and with full disclosure of the full range of potential conflicts, continued to insist that Brindley" represent him. 2015 WL 5611572, at *3 (denying the Government's motion to disqualify Brindley).

After all those admonishments in the drug case, the court in the perjury case advised Galicia of the risks of proceeding with Brindley as counsel, including the possibility that he would attempt to "curry favor with the prosecutors." Doc. 11-2 at 5:10; *see also id*. at 10:4-10:8 (confirming that Galicia wanted to keep Brindley as his counsel "even though there may be an actual or potential conflict of interest arising from … [the] criminal case" against Brindley). In

9

response, Galicia made a "valid, knowing, and intelligent waiver on the record," *id*. at 10:22, which precludes relief here.

### III.  Instruction to Lie

For the first time in his reply brief, Galicia argues that Brindley was ineffective for instructing him to lie in the drug trafficking case in a manner that gave rise to the perjury charges. Doc. 16 at 6. As noted, the present § 2255 motion challenges only Galicia's perjury convictions, not his drug convictions. Moreover, Galicia forfeited this claim by presenting it for the first time in his reply brief. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[A]rguments raised for the first time in White's reply brief are waived … ."); *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived."); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited.").

### IV.  Failure to Investigate and Prepare

Galicia also claims for the first time in his reply brief that Brindley's performance was deficient because he failed to undertake any investigation or preparation for his perjury defense. Doc. 16 at 7. That claim is forfeited, and it also fails on the merits.

Galicia complains that Brindley "filed few substantive motions" before trial. *Ibid*. But Brindley prepared and presented motions to dismiss the indictment, 15-Dkts. 33, 100; motions *in limine*, 15-Dkts. 71, 81, 87; a motion to exclude expert testimony, 15-Dkt. 102; and a motion to sever, 15-Dkt. 99. Galicia identifies no pretrial motion that he now believes Brindley should have made but did not, nor does he identify any prejudice resulting from his failure to make any such additional motions. It follows that this claim is without merit. *See United States v. Godwin*, 202 F.3d 969, 974 (7th Cir. 2000) (holding that a defendant fails to show *Strickland*

prejudice when he "does not explain why he would have done … any better than he actually did, if his attorney had acted differently").

## Conclusion

Galicia's § 2255 motion is denied. Under Section 2255 Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Galicia must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (similar). Galicia has failed to make that showing, so a certificate of appealability is denied.

January 11, 2022

_____
United States District Judge

11